SMITH (JANNEY v.).  See Case No. 7,214.
SMITH (JANVRIN v.).  See Case No. 7,220.

## Case No. 13,066.

### SMITH v. JOHNSON.

[4 Blatchf. 252.] [1]

Circuit Court, S. D. New York.  Jan. 4, 1859.

COPYRIGHT — PROVISIONAL INJUNCTION — REFERENCE TO MASTER.

1. On a motion for a provisional injunction, for the alleged violation of a copyright for a map, a reference will not be made to a master to examine the rival maps, and report the facts, with his opinion.

2. Such a motion must be disposed of on the moving papers of the plaintiff and the affidavits on the part of the defendant.

In equity. This was an application for a provisional injunction, to restrain the defendant [D. Griffing Johnson] from publishing and selling a map, in violation of a copyright granted to the plaintiff [Robert P. Smith].

Alfred Conkling, for plaintiffs.
Peter Y. Cutler, for defendant.

INGERSOLL, District Judge. It does not satisfactorily appear that what the defendant has thus far done is, or what he intends to do will be, in violation of the rights of the plaintiffs. The proof on the part of the defendant is explicit, that, in preparing his map, he has used materials which he had a right to use, and that, in the production of his work, so far as it has progressed, he has not been aided by any of the maps of the plaintiffs. Neither does it appear that he will, in the further progress of his work, infringe upon any of the rights of the plaintiffs. Judging from the affidavits which he has exhibited, he intends to make his map from materials and sources to which the plaintiffs have no exclusive right. Should it hereafter appear, in the further progress of this suit, that the defendant is doing anything in contravention of the exclusive rights secured to the plaintiffs, the motion for an injunction can be renewed.

It has been suggested that it should be referred to a master to examine the maps of the plaintiffs, and also the map of the defendant, and to report the facts as they may be made to appear to him, with his opinion on the question of the infringement of right. Such a course is sometimes adopted upon the final hearing, but not when the question comes up on a motion for a preliminary injunction. Such motion must be disposed of on the moving papers of the plaintiffs, and the affidavits on the part of the defendant in opposition thereto.

I do not see sufficient ground to grant the injunction prayed for. The motion must, therefore, be denied.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge. and here reprinted by permission.]